UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00514

**John Matthew Bandy,**
*Plaintiff,*

v.

**Carthage Police Department et al.,**
*Defendants.*

# ORDER

Plaintiff John Matthew Bandy, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding pro se, filed this civil action complaining of alleged deprivations of his constitutional rights. The case was referred to United States Magistrate Judge John D. Love.

The magistrate judge issued a report recommending that the motion for summary judgment of the defendant Carthage Police Department, which also included the claims of unknown officers subsequently identified as Johnny Villasenor and Courtney Brady, be granted and the claims against these parties be dismissed with prejudice. Doc. 48. The magistrate judge determined that the police department does not have the capacity to be sued; plaintiff's challenges to the legality of his arrest were foreclosed by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994); probable cause existed to arrest him; plaintiff did not show that the officers knew of and disregarded an excessive risk to his health or safety; and the statute of limitations expired on the unknown officers before they were identified by plaintiff, although plaintiff had ample opportunity to do so in a timely manner. *Id.*

Plaintiff filed objections stating the toxicology report showed he was not intoxicated, his mental and physical health were not addressed, he had recently been released from the Northeast Texas Regional Crisis Response Center, he told the officers he thought he had been poisoned and should have been taken to the

hospital sooner, Officer Villasenor arrested him and denied him medical care and legal counsel, and it is hard to fight free-world lawyers from prison. Doc. 60.

    The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Having reviewed the magistrate judge's report and the objections, the court overrules the plaintiff's objections and accepts the judge's findings and recommendations. The magistrate judge correctly determined that the police department does not have the capacity to be sued, plaintiff failed to show any civil-rights violations on the part of the police officers, and that the statute of limitations has expired as to these officers. It is accordingly ordered that the motion for summary judgment filed by defendant Carthage Police Department (Doc. 46) is granted, and the claims against the police department and the two unknown officers, subsequently identified as Johnny Villasenor and Courtney Brady, are dismissed with prejudice. These defendants are dismissed as parties to the lawsuit.

*So ordered by the court on February 23, 2022.*

J. CAMPBELL BARKER
United States District Judge